# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ESTATE OF RAYMOND E. MERKEL,
*by Paul Fickau, Personal Representative,*

          Plaintiff,

v.

KEVIN KRUTZ,

          Defendant.

Case No. 20-CV-1827-JPS

**ORDER**

On December 10, 2020, Plaintiff filed this action alleging a breach of contract arising from Defendant's default on a promissory note valued at $125,000.00. (Docket #1). Defendant was served on March 5, 2021. (Docket #6). Defendant did not appear or otherwise defend this action within the time provided by the Federal Rules of Civil Procedure, so the Clerk of the Court, at Plaintiff's request, entered default against Defendant on November 12, 2021.

On November 17, 2021, Plaintiff filed a motion for entry of default judgment against Defendant. (Docket #14). In an affidavit, Plaintiff's attorney explained that, early in the litigation, he received a phone call from Defendant, who had expressed an interest in trying to "work the matter out." (Docket #15 ¶ 3). Plaintiff's attorney was amenable, but Defendant never followed up, and Plaintiff's attorney's attempts to follow up with Defendant were unsuccessful. (*Id.*) Defendant never appeared in the case or opposed the request or motion for default judgment. *See* Civ. L.R. 7(b). As a result, the Court treats the motion as unopposed. Civ. L.R. 7(d).

The facts pleaded in the complaint establish Defendant's liability. (Docket #1, #1-1). Plaintiff nevertheless bears the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citations and quotations omitted). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

Here, Plaintiff seeks $104,116.81, which is the amount still owing on the promissory note after accounting for prior payments and interest accrual at a rate of 7% per year. Plaintiff also seeks litigation costs in the amount of $650.52, for a total of $104,767.33. In support of this request, Plaintiff provides an affidavit from his attorney attesting to the amount still owing and providing the breakdown of litigation costs. (Docket #15). Plaintiff has also attached a copy of the promissory note to the complaint, which sets forth the amount initially owed, the rate of interest, and the payment terms. (Docket #1-1 at 1). The Court finds that this is sufficient documentary evidence to support the requested damages of $104,767.33, plus post-judgment interest as provided by law.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Docket #14) be and the same is hereby **GRANTED**; Defendant shall pay to

Plaintiff the total sum of $104,767.33, together with post-judgment interest as provided by law; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 2nd day of February, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge